**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DORIS NADZAM**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 20-6088-KSM** |
| **BROAN-NuTONE, LLC**, | |
| Defendant. | |

**MEMORANDUM**

**MARSTON, J.**                                                    **December 23, 2020**

Plaintiff Doris Nadzam alleges that her Pittsburgh-area residence was damaged when a ventilation fan designed, manufactured, and sold by Defendant Broan-NuTone, LLC ("Broan") caught fire.  (Doc. No. 1.)  Nadzam brings claims against Broan for strict liability, negligence, and breach of warranties.  (*Id.*)  In its Answer, Broan asserts, among other defenses, that venue is improper in the Eastern District of Pennsylvania but would be proper in the Western District of Pennsylvania.  (Doc. No. 3 at ¶ 4.)  Presently before the Court is the parties' Joint Motion and Stipulation to Transfer Venue to the Western District of Pennsylvania.  (Doc. No. 5.)  Without addressing the merits of Nadzam's claims, the Court finds that transfer to the Western District of Pennsylvania is appropriate in this case.

I.

The facts of this case are straightforward.[1]  Nadzam owns a home in Sarver, Pennsylvania

---

[1] Unless otherwise noted, these facts are all drawn from Nadzam's Complaint.  At this stage in the litigation, we take the well-pleaded allegations in Nadzam's Complaint as true.  *See Lewis v. Nat'l Bd. of Osteopathic Med. Exam'rs*, Civil Action No. 20-4368, 2020 WL 7260747, at *1 n.1 (E.D. Pa. Dec. 10, 2020).

(Doc. No. 1 at p. 8), a small community about thirty minutes outside of Pittsburgh.  Sometime before April of 2019, a ventilation fan—designed, manufactured, and sold by Broan—was installed in Nadzam's home.  (*Id.* at p. 10.)  On April 2, 2019, the ventilation fan caught fire.  (*Id.*)  The fire spread throughout Nadzam's home, causing "substantial damage."  (*Id.*)  As a result of the fire, Nadzam incurred $464,715.41 in damages.  (*Id.*)

Nadzam alleges that Broan regularly sells products within the Commonwealth of Pennsylvania.  (*Id.* at p. 9.)[2]  The parties do not indicate where Nadzam's fan was purchased.  Broan avers that it is a citizen of the States of Delaware and Georgia.  (*Id.* at p. 2.)

On October 8, 2020, Nadzam initiated this action in the Court of Common Pleas for Philadelphia County.  (*Id.* at p. 5.)  Broan removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (*Id.* at p. 3.)  The parties filed their Joint Motion and Stipulation To Transfer Venue on December 11, 2020.  (Doc. No. 5.)

## II.

Even when parties stipulate to a transfer of venue, the Court must independently evaluate whether transfer is appropriate.  *See White v. ABCO Eng'g Corp.*, 199 F.3d 140, 142 (3d Cir. 1999) ("We conclude that § 1404(a) transfers may not be made simply by stipulation.").  "In addressing a motion to transfer, 'all well-pleaded allegations in the complaint are generally taken as true unless contradicted by the defendant's affidavits, and the Court may examine facts outside the complaint to determine proper venue.'"  *Lewis*, 2020 WL 7260747, at *1 n.1 (quoting

---

[2] We note that, had Broan filed a motion to dismiss for improper venue, Nadzam's assertion in her Complaint that venue was proper in Philadelphia "because Defendant can be served here and/or the cause of action arose here and/or the transaction or occurrence took place here and/or the property which is the subject matter of the action is located here" (Doc. No. 1 at p. 9) would run perilously close to being the sort of "threadbare" legal conclusion not entitled to a presumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  However, here we find that, even taking Nadzam's allegations as true, the Eastern District is an improper venue for this suit.

*Holiday v. Bally's Park Place, Inc.*, CV No. 06-4588, 2007 WL 2600877, at *1 (E.D. Pa. Sept. 10, 2007)).

In federal court, venue transfers are governed by 28 U.S.C. §§ 1404(a) and 1406(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Section 1404(a) governs transfer when "both the original and the requested venue are proper." *Id.* Under § 1404(a), a district court may for the convenience of the parties and witnesses and in the interest of justice "transfer any civil action to any other district or division where it may have been brought or to any district or division to which all parties have consented."[3] *See* 28 U.S.C. § 1404(a). "Section 1406(a), on the other hand, applies where the original venue is improper[.]" *Jumara*, 55 F.3d at 878. Under § 1406(a), the court may either dismiss the action or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Under this framework, we must first decide whether venue is proper in the Eastern District of Pennsylvania. The general venue statute contained in 28 U.S.C. § 1391 applies for Nadzam's product liability claims. Section 1391(b) states:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[3] If venue was found proper in the Eastern District of Pennsylvania, the court would assess the transfer motion in light of the private and public interest factors set forth in *Jumara v. State Farm Insurance*. *Jumara*, 55 F.3d at 879–80.

III.

Despite the fact Nadzam asserts that venue is proper in the Eastern District of

Pennsylvania, we find this contention unsupported and without merit.  Under § 1391, venue in

this action is improper because Broan does not "reside" here and because a substantial part of the

events giving rise to Nadzam's claims did not occur in this District.  28 U.S.C. § 1391(b)(1)–

(2).[4]

First, residency of corporations for venue purposes is defined by § 1391(d), which states:

> For purposes of venue under this chapter, in a State which has more than one
> judicial district and in which a defendant that is a corporation is subject to personal
> jurisdiction at the time an action is commenced, such corporation shall be deemed
> to reside in any district in that State within which its contacts would be sufficient
> to subject it to personal jurisdiction if that district were a separate State, and, if there
> is no such district, the corporation shall be deemed to reside in the district within
> which it has the most significant contacts.

28 U.S.C. § 1391(d).  Thus, Broan is deemed to reside in any judicial district in which it is

subject to personal jurisdiction.  *Id.* § 1391(c)(2).  Because Pennsylvania has more than one

judicial district, we treat the Eastern District of Pennsylvania as if it were its own state and

analyze whether the defendant has sufficient contacts with the District such that we could

exercise personal jurisdiction over it.  *Id.* § 1391(d); *see also Dellget v. Wolpoff & Abramson,*

*L.L.P.*, Civil Action No. 07-1024, 2007 WL 4142769, at *2–3 (E.D. Pa. Nov. 21, 2007) ("[T]o

determine if venue is proper in this Court, one must analyze whether, treating the Eastern District

of Pennsylvania as though it were its own state, the Eastern District of Pennsylvania could

exercise personal jurisdiction over [the defendant].").

A district court may exercise personal jurisdiction over a non-resident defendant to the

---

[4] Because we find that the Western District of Pennsylvania is an appropriate venue under § 1391(b)(1)
and (2), we do not address § 1391(b)(3), which applies only when "there is no district in which the action
may otherwise be brought."

extent permitted by the law of the state in which the court sits. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007); *see also Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). Pennsylvania's long-arm statute extends jurisdiction over a non-resident defendant who causes "harm or tortious injury in the Commonwealth by an act or omission outside the Commonwealth," *see* 42 Pa. Const. Stat. Ann. § 5322(a)(4); *see also Eubanks v. Filipovich*, Civil Action No. 12-4299, 2012 WL 6731123, at *2 (E.D. Pa. Dec. 27, 2012), or who transacts business within the Commonwealth, *see* 42 Pa. Const. Stat. Ann. § 5322(a)(1); *Cerciello v. Canale*, Civil Action No. 12-6933, 2013 WL 3939580, at *5 (E.D. Pa. July 3, 2013). The statute also authorizes courts to assert personal jurisdiction to the fullest extent allowed under the United States Constitution. 42 Pa. Const. Stat. Ann. § 5322(b); *see also O'Connor*, 496 F.3d at 316; *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). Even when sections 5322(a)(1) or (4) provide a basis for asserting personal jurisdiction over a defendant, the exercise of such jurisdiction must still comport with the requirements of due process. *See Eubanks*, 2012 WL 6731123, at *2; *Cerciello*, 2013 WL 3939580, at *6.

Under the Due Process Clause of the Fourteenth Amendment, for a court to exercise personal jurisdiction over a non-resident defendant, the defendant must "have certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Compensation & Placement*, 326 U.S. 310, 316 (1945) (citation omitted); *see also O'Connor*, 496 F.3d at 316 ("[I]n determining whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and

substantial justice.'" (citation omitted)); *D'Jamoos*, 566 F.3d at 102 (same).

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor*, 496 F.3d at 316.  "General jurisdiction is all-purpose" in that it "allow[s] a court to exercise jurisdiction over the defendant for any claim lodged against that party."  *PPG Indus., Inc. v. Jiangsu Tie Mao Glass Co., Ltd.*, 2:15-cv-00965, 2020 WL 1526940, at \*3 (W.D. Pa. Mar. 31, 2020).  In contrast, specific jurisdiction exists where the claims arise from or relate to the defendant's contacts with the forum state.  *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 265–66 (3d Cir. 1998).

Broan is a citizen of the States of Delaware and Georgia (*see* Doc. No. 1 at p. 2),[5] so it is not subject to general jurisdiction in this District because it is not "at home" here.  Nor does the Court have specific jurisdiction over Broan.  Specific jurisdiction exists where the claims arise from or relate to the defendant's contacts with the forum state—or here, the forum District.  *IMO Indus.*, 155 F.3d at 265–66; *Dellget*, 2007 WL 4142769, at \*2–3.  In this action, Nadzam's claims for strict liability, negligence, and breach of warranties are all common law state torts, *see Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 355–56 (Pa. 2014) (collecting cases), and therefore, we use the traditional test to determine whether specific jurisdiction exists.  We consider whether (1) the defendant "purposefully directed its activities at the forum"; (2) the litigation "arise[s] out of or relate[s] to at least one of those activities"; and (3) if "the exercise of jurisdiction otherwise comports with fair play and substantial justice."  *O'Connor*, 496 F.3d at 317 (quotation marks and citations omitted).

---

[5] Although Broan's principal place of business is Wisconsin, Broan does not appear to be a citizen of Wisconsin because "the citizenship of an LLC is determined by the citizenship of its members," *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010), and Broan's sole member is Nortek, Inc., a Delaware corporation with its principal place of business in Georgia.  In any event, Broan is not a citizen of Pennsylvania.

The instant case does not arise out of Broan's contacts with this District.  The ventilation fan was installed in Nadzam's home, which is located in the Western District of Pennsylvania. (Doc. No. 1 at p. 10).  Nadzam's claimed damages arose when that fan caught on fire, damaging her home.  (*Id.*)  The parties do not allege in any of their filings that the fan was designed, manufactured, or sold in this District.  Accordingly, we have no specific jurisdiction over Broan.

Our conclusion that Broan is not subject to personal jurisdiction in this District—and thus does not "reside" here within the meaning of § 1391(c)(2)—does not end our venue analysis, because venue may also be proper in any district where "a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  However, for the reasons discussed above with respect to specific jurisdiction, the Eastern District is not a place in which "a substantial part of the events" giving rise to Nadzam's claims occurred.  Indeed, the parties' filings do not indicate that *any* events precipitating this case occurred in this District.  Therefore, venue is also improper here on this basis.

Because the Eastern District is not a proper venue for Nadzam's product liability claims, we must dismiss her case, or "if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought."  *Id.* § 1406(a).  Here, venue would be proper in the Western District of Pennsylvania, the transferee district jointly proposed by the parties.  The events giving rise to Nadzam's claims arose in the Western District of Pennsylvania where the subject property is located and the accident occurred.  *See id.* § 1391(b)(2) (a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").  Thus, we find that it is in the interest of justice to transfer the case to the Western District of

Pennsylvania.

An appropriate order follows.